IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARRET BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-636-SLP |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment for Lack of Standing, and Supporting Memorandum [Doc. No. 16]. Plaintiff has filed a Response [Doc. No. 19] and Defendant has filed a Reply [Doc. No. 22]. Also before the Court is Plaintiff's Motion for Leave to File a Sur-Reply [Doc. No. 27] to which Defendant has filed a Response in Opposition [Doc. No. 31]. For the reasons that follow, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

**I.    Introduction**

This action is virtually identical to another action before this Court, *Lemons v. Portfolio Recovery Associates, LLC*, Case No. CIV-23-600-SLP (the *Lemons* Action). Plaintiff in this action is represented by the same attorney as the plaintiff in the *Lemons* Action. The Complaints in the two actions are virtually identical raising a single claim for relief under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA). Plaintiff alleges a violation of 15 U.S.C. § 1692e(8) which prohibits a debt collector from "fail[ing] to communicate that a disputed debt is disputed." Specifically, Plaintiff alleges

that Defendant Portfolio Recovery Associates LLC (Defendant) failed to disclose to consumer reporting agencies that he disputed $5,866.00 on his Best Buy account from Citibank, N.A. (the Citibank Account).

The parties briefing on both pending Motions is identical, with the exception of the limited factual record set forth below. Based on the undisputed factual record, the Court adopts in full the analysis set forth in the *Lemons* Action.

## II.     Factual Record

The undisputed factual record establishes that on May 26, 2023, Plaintiff reviewed his credit report on "credit karma" and observed a "trade line" from Defendant of Plaintiff's CitiBank Account which showed $5,866.00.[1] On that same date, Plaintiff made a telephone call to Defendant regarding the CitiBank Account. Defendant has provided a recording of that telephone call. *See* Doc. No. 17.[2]

During that call, Plaintiff had some questions regarding the information on his credit report as to the CitiBank Account. Because the balance was over his credit limit Plaintiff asked: "I just want to know how did my balance get that high?"[3] The agent responded that

---

[1] In his Complaint, Plaintiff states that the "trade line of $5,866.00" was "allegedly owned [sic] to CitiBank Bank USA." Compl., ¶ 9. In its Motion, Defendant submits, as an undisputed material fact, that "[t]he debt arose out of a defaulted Best Buy account from CitiBank, N.A., with the last four digits of 4360" and provides the Declaration of Meryl Dreano in support thereof. *See* Def.'s Mot. at 8, Statement of Undisputed Material Fact, ¶ 3. In his Response, Plaintiff states that he is "unable to admit or deny" this statement as "Defendant has yet to verify the debt is accurate as to Plaintiff or in amount." Pl.'s Resp. at 2, ¶ 3. But as discussed in the Court's Order in the *Lemons* Action, at this stage in the proceedings, Plaintiff must set forth evidence of specific facts which support standing. Because Plaintiff has failed to do so, the Court finds this fact is undisputed.

[2] Plaintiff does not dispute the accuracy of the recording.

[3] *See* Doc. No. 17; *see also* Pl.'s Decl. [Doc. No. 19-1], ¶ 4.

there were principal and interest charges and what appeared to be a charge to close the account. The agent asked Plaintiff if he wanted any action taken or to look at the statements and Plaintiff said no. Plaintiff then concluded the call by saying: "That's all I needed. Have a wonderful day."[4]

On July 20, 2023, Plaintiff re-checked his credit reports. Those reports did not show the CitiBank Account as disputed. On that same day, he filed this lawsuit.

Plaintiff contends that Defendant's failure to report the CitiBank Account as disputed violates the FDCPA. Plaintiff claims he has suffered intangible harm, which he contends is analogous to defamation. He alleges that the "publishing of such inaccurate and incomplete information has severely damaged [his] personal and credit reputation" and "caused severe humiliation, and emotional distress and mental anguish." Compl., ¶ 11.

Defendant moves for dismissal or summary judgment on the following grounds: (1) Plaintiff lacks Article III standing; (2) Plaintiff cannot establish the elements of his FDCPA claim; and/or (3) the bona fide error defense is available.

## III. Discussion

Construing the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff's claim fails on the undisputed factual record. Upon review of the telephone call,

---

[4] Plaintiff includes his Declaration in response to Defendant's Motion. *See* Decl. [Doc. No. 19-1]. In his Declaration Plaintiff states that because he didn't agree with the amount owed, he "disputed the debt" by asking the agent the questions set forth. *See id.*, ¶ 4. Plaintiff's self-serving *characterization* of his statements to the agent as a "dispute" is insufficient to create a factual issue. Rather, the recording of the conversation, viewed in the light most favorable to Plaintiff, controls and the Court "accept[s] the version of the facts portrayed in the recording." *Emmett v. Armstrong*, 973 F.3d 1127, 1131 (10th Cir. 2020).

it is clear that Plaintiff did not dispute the CitiBank Account and no reasonable factfinder could conclude otherwise. Plaintiff made an inquiry as to the balance on his CitiBank Account. When the agent responded that the balance exceeded his limit due to interest and an account closing fee, Plaintiff did not challenge that response in any way. The agent also asked Defendant if he wanted any action taken and Defendant said no. Moreover, when the agent asked Defendant if he wanted to look at the statements, Plaintiff said no. And Plaintiff concluded the call by saying "that's all I needed to know" and "have a wonderful day."

Plaintiff has not shown that any violation of the FDCPA occurred as Defendant did not fail to report a dispute. Plaintiff necessarily, therefore, cannot show any injury in fact and his FDCPA claim must be dismissed for lack of Article III standing. As stated, in reaching this conclusion, the Court adopts in full the analysis set forth in the Order filed in the *Lemons* Action as to the issue of Article III standing and the findings related thereto. In this regard, the allegations of injury (and Plaintiff's lack of evidentiary support for such injury) in both actions are identical and the shortcomings with respect to those allegations, as noted in the Court's Order in the *Lemons* Action, are equally apparent here.[5]

Additionally, the Court denies Plaintiff's Motion for Leave to File a Sur-Reply [Doc. No. 27]. The Motion is identical to the Motion filed in the *Lemons* Action. And the

---

[5] Moreover, in this action, as in the *Lemons* Action, Defendant argues that this case appears to involve an attempt at a "set-up" by Plaintiff to induce a violation of the FDCPA. *See* Def.'s Mot. at 25, n. 7. In the Court's Order in the *Lemons* Action, the Court has addressed its concern about the legitimacy of the claims made in the two actions and that concern is adopted and reasserted here.

4

Court adopts the rationale set forth in its Order in the *Lemons* Action as the basis for denying the Motion.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment for Lack of Standing, and Supporting Memorandum [Doc. No. 16] is GRANTED and this action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Sur-Reply [Doc. No. 27] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Extend Certain Deadlines [Doc. No. 32] is DENIED as MOOT.

A separate judgment will be entered.

IT IS SO ORDERED this 29th day of July, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE