#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARRET BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-636-SLP |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

### O R D E R

Before the Court is Plaintiff's Request to File Out of Time Appeal [Doc. No. 46]. Defendant has filed its Response in Opposition [Doc. No. 49]. Therefore, the matter is at issue.[1] For the reasons that follow, Plaintiff's Request is DENIED.

**I.    Background**

On July 29, 2024, this Court entered its Order and Judgment [Doc. Nos. 33 and 34] granting summary judgment in favor of Defendant. On August 30, 2024, Plaintiff untimely filed a Notice of Appeal [Doc. No. 39]. *See* 28 U.S.C. § 2107(a) (requiring notice of appeal to be filed within thirty days of entry of judgment); *see also* Fed. R. App. P. 4(a)(1).

In the Notice of Appeal, Plaintiff incorrectly stated that "the final judgment" was "entered in this action on August 30, 2024[.]" *Id.* Before the Tenth Circuit, on September 11, 2024, Defendant filed a Motion to Dismiss Appeal. *See Brewer v. Portfolio Recovery*

---

[1] Plaintiff did not file a Reply and the time for doing so has expired. *See* LCvR 7.1(h).

*Assocs., LLC*, Case No. 24-6178 (10th Cir.), Mot. [Doc. No. 10].[2]  Defendant sought dismissal based on the untimeliness of the appeal.  *See id*.

On September 11, 2024, the Tenth Circuit directed Plaintiff to "file a memorandum brief addressing whether he can establish timely filing of the notice of appeal" or, alternatively, advising Plaintiff that he could voluntarily dismiss his appeal.  *Id*., Order [Doc. No. 12].  On September 17, 2024, Plaintiff filed a Response to Defendant's Motion to Dismiss.  *See id*., Resp. [Doc. No. 14].  Also on September 17, 2024, Plaintiff filed a Motion to Docket Appeal Out of Time.  *Id*., Mot. [Doc. No. 15].  On that same date, the Tenth Circuit denied Plaintiff's Motion to Docket Appeal out of Time without prejudice to renewal in the district court.  *Id*., Order [Doc. No. 16].[3]

In addition to his filings before the Tenth Circuit on September 17, 2024, Plaintiff also filed his pending Motion with this Court.  The Motion has been filed within the thirty-day period permitted for seeking an appeal out of time.  *See* 28 U.S.C. § 2107(c) ("The district court may, upon motion filed *not later than 30 days after the expiration of the time otherwise set for bringing appeal*, extend the time for appeal upon a showing of excusable neglect or good cause." (emphasis added)); *see also* Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

---

[2] To avoid confusion, the Court refers to the parties as "Plaintiff" and "Defendant" when addressing the appellate record even though Plaintiff is the "Appellant" and Defendant is the "Appellee."

[3] On September 30, 2024, the Tenth Circuit abated the appeal until further order of the court and noted the pending Motion before this Court.  *See id*. Doc. No. 18.

2

## II.     Governing Standard

"A timely notice of appeal is a jurisdictional requirement in a civil case." *Bruce v. City of Colo. Springs*, No. 22-1413, 2024 WL 1109065 at *1 (10th Cir. Mar. 14, 2024) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). Although the "requirement cannot be forfeited or waived", the district court can extend a party's time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5)(A)(ii), if the party shows "excusable neglect or good cause." *Id*.

Excusable neglect should not serve as grounds to extend the notice of appeal deadline "absent unique and ordinary circumstances." *Id*., citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004)). Relevant factors for the court to consider include: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at *2 (citing *Bishop*, 371 F.3d at 1206).

"Good cause 'comes into play in situations in which there is no fault – excusable or otherwise. In such situations the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Id*. at * 1, n. 2 (quoting *Bishop*, 371 F.3d at 1207).

### III. <u>Discussion</u>

Plaintiff treats the standards interchangeably, but focuses on "good cause." *See* Doc. No. 46 at 2.[4]  Specifically, he states good cause exists because his counsel was "hospitalized from August 15, 2024 until August 30, 2024 with a stroke during the period of the filling [sic] of the appeal notice." *Id*. at 1.  Plaintiff contends the two-day delay in filing did not prejudice Defendant and that the delay is not due to "dilatory actions" of counsel but "instead on account of his health." *Id*. at 2.

Defendant argues notwithstanding the hospitalization of Plaintiff's counsel, good cause does not exist because: (1) he was not hospitalized during the entire 30-day appeal period; and (2) once counsel discovered his mistake, instead of moving for relief in the district court, he filed a notice of appeal and misrepresented the date of the judgment. Additionally, Defendant points to actions taken by Plaintiff's counsel in relation to this and other litigation pending in this judicial district during the appeal period, including actions taken by Plaintiff's counsel during the alleged dates of his hospitalization.

Indeed, the record reflects that on August 19, 2024, Plaintiff's counsel filed an Emergency Motion for Extension of Time to File Response in this action.  *See* Doc. No. 36.  He asked for an extension of time to respond to Defendant's pending Motion for

---

[4] Plaintiff cites a Third Circuit case, *MCI Telecomms. Corp. v. Teleconcepts, Inc*., 71 F.3d 1086, 1097 (3d Cir. 1995) for the proposition that *for purposes of Rule 4(m)*, "good cause" is "tantamount to excusable neglect."  Doc. 53 at 2.  But under controlling Tenth Circuit authority, the two standards have distinct meanings.  *See Bishop*, 371 F.3d at 1206 (discussing the two distinct standards); *see also* Advisory Committee Notes to the 2002 Amendments to Fed. R. App. P. 4 ("The good cause and excusable neglect standards have different domains." They are not interchangeable, and one is not inclusive of the other." *Id*. (quotation marks and citation omitted)).

4

Sanctions, *see* Doc. No. 35, that was otherwise due on August 21, 2024, and stated that he had been "hospitalized due to a medical emergency with no tentative discharge date, to date." Doc. No. 36 at 1. Additionally, Plaintiff's counsel communicated with Defendant's counsel (pertaining to other cases) five times between August 16 and August 19, 2024. *See* Powell Decl. [Doc. No. 49-2], ¶ 3 and Exhibits 2-A through 2-E [Doc Nos. 49-3 through 49-7]. And, on August 27, 2024, Plaintiff's counsel submitted a filing in another case pending in this judicial district. *See* Notice of Settlement [Doc. No. 49-8] filed in *Childress v. LVNV Funding LLC*, Case No. CIV-24-704-D (W.D. Okla.).

The Court had hoped Plaintiff would file a reply so that his counsel might explain why – during the period of his hospitalization – he was able to: (1) file the request for extension of time in this action: (2) file a notice of settlement in another action in this judicial district; and (3) communicate with Defendant's counsel on other matters, but could not file a timely notice of appeal. Unfortunately, Plaintiff did not file a reply and so no plausible explanation is before the Court. Because the record reflects Plaintiff's counsel was engaged in other litigation activity during the period of his hospitalization, the Court finds good cause does not exist to warrant an extension of time.[5]

Even though Plaintiff does not rely on the excusable neglect standard, the Court nonetheless finds the record does not support granting an extension on that basis either. Fundamentally, Plaintiff has not shown unique and extraordinary circumstances exist. Moreover, fault in the delay is perhaps the most important factor to consider. *See City of*

---

[5] As Defendant points out, Plaintiff has offered no specific facts regarding his hospitalization and whether support staff were available to provide assistance to him.

*Chanute, Kan. v. Williams Nat. Gas. Co*. 31 F.3d 1041, 1045-47 (10th Cir. 1994).  Only one reason is offered for the delay – the hospitalization of Plaintiff's counsel.  But, as discussed, Plaintiff's counsel engaged in other litigation activity during the period of his hospitalization.  Moreover, as Defendant argues, Plaintiff was not hospitalized for the entire thirty-day period during which the notice of appeal could have been timely filed.  *Cf. Magraff v. Lowes HIW, Inc*., 217 Fed. Appx. 759, 761 (10th Cir. 2007) (holding that it was not excusable neglect for counsel to wait until last day to file notice of appeal, on which date he claimed to be ill, and that record did not show that counsel was ill for the entire period during which the appeal could have been filed).

Additionally, the Court finds Defendant has suffered prejudice.  Plaintiff's counsel has engaged in the very same conduct in a nearly identical action filed against Defendant.  *See Lemons v. Portfolio Recovery Associates, LLC*, Case No. CIV-23-600-SLP (W.D. Okla.).  In both actions, Plaintiff caused additional needless expense to Defendant by, among other actions taken, filing a Notice of Appeal in which the date of entry of judgment was incorrectly stated.

In sum, viewing the circumstances of this case in their entirety, the Court finds Plaintiff has not satisfied either the good cause or excusable neglect standards.  Significant to the Court's finding is the fact that Plaintiff chose not to file a reply and provide further explanation to the Court.  And Plaintiff did not, as a matter of first resort, file in this Court a motion for leave to file his appeal out of time, but instead, filed a Notice of Appeal that incorrectly stated the date on which the final judgment was entered.

6

## IV.     Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Request to File Out of Time Appeal [Doc. No. 46] is DENIED.

IT IS SO ORDERED this 1st day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE