### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARRET BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-636-SLP |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

### O R D E R

Before the Court is Defendant's Motion for Sanctions and Supporting Brief [Doc. No. 35]. Plaintiff has filed a Response [Doc. No. 42] and Defendant has filed a Reply [Doc. No. 44]. The matter, therefore, is fully briefed and ready for determination. For the reasons the follow, Defendant's Motion is DENIED.

### I.    Introduction

This action is virtually identical to another action before this Court, *Lemons v. Portfolio Recovery Associates, LLC*, Case No. CIV-23-600-SLP (the *Lemons* Action). Plaintiff in this action is represented by the same attorney as the plaintiff in the *Lemons* Action. And Defendant is represented by the same counsel in both actions.

The parties briefing on the pending Motions is identical in each case, with the exception of the limited background and relevant procedural history set forth below. Accordingly, the Court adopts in full the analysis set forth in the *Lemons* Action.

## II.    Background / Relevant Procedural History

Plaintiff brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), alleging a violation of 15 U.S.C. § 1692e(8) which prohibits a debt collector from "fail[ing] to communicate that a disputed debt is disputed." On May 1, 2024, Defendant filed a Motion to Dismiss or, Alternatively, for Summary Judgment [Doc. No. 16]. On May 15, 2024, Plaintiff filed her Response [Doc. No. 19] and on May 22, 2024, Defendant filed its Reply [Doc. No. 22].

Nearly two months after Plaintiff responded, on July 1, 2024, Defendant served Plaintiff's counsel with its Motion for Sanctions. On July 29, 2024, the Court entered its Order and Judgment [Doc. Nos. 33 and 34] granting Defendant's Motion to Dismiss/Summary Judgment. Two days later, on July 31, 2024, Defendant filed its Motion for Sanctions.

Defendant moves for sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. Defendant further moves for an award of attorneys' fees pursuant to 28 U.S.C. § 1927.[1]

---

[1] For the reasons set forth in the Order entered in the *Lemons* Action, the Court limits its review to a request for sanctions under Rule 11 and § 1927. *See id*. Order [Doc. No. 59] at 2, n. 1.

### III. Discussion

#### A. Rule 11 Sanctions

Defendant's Motion for Rule 11 sanctions must be denied as untimely. The Motion was filed after final judgment was entered in this case. The Court fully addressed this issue in the *Lemons* Action and adopts and incorporates that analysis here.

#### B. Attorneys' Fees Under § 1927

Defendant argues that Plaintiff has unreasonably and vexatiously multiplied the proceedings by failing to voluntarily dismiss this case after being apprised of the May 26, 2023 call recording that serves as the basis of Plaintiff's claim. As set forth in the Court's Order [Doc. No. 33], the call recording did not create any question of fact as to whether a violation of the FDCPA occurred. This argument is virtually identical to that made in the *Lemons* Action and the Court fully addressed the issue. Again, the Court adopts and incorporates the analysis set forth in the *Lemons* Action and finds an award of sanctions under § 1927 is not proper. The Court reiterates that its finding "is certainly not intended to be construed as any retreat from the concerns it has previously expressed as to the nature of the allegations brought, the factual support for those allegations, and the claims made in both this action and the [*Lemons*] Action." *See Brewer* Action, Order [Doc. No. 59] at 7-8 and n.8.

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Sanctions and Supporting Brief [Doc. No. 35] is DENIED.

IT IS SO ORDERED this 13th day of January, 2025.

                                              SCOTT L. PALK
                                              UNITED STATES DISTRICT JUDGE